No. 18,517.

IRWIN C. MICHELS *v.* F. GRETCHEN CLEMENS, ET AL.

(342 P. [2d] 698)

Decided July 20, 1959.

Mr. CHESTER A. BENNETT, for plaintiff in error.

Messrs. MARCH & WELLS, for defendant in error F. Gretchen Clemens.

Messrs. HILL & COYTE, for defendants in error Charles R. Bennett and Ada Ruth Bennett.

Messrs. ALLEN, STOVER & MITCHELL, for defendant in error Fort Collins Federal Savings and Loan Association.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THIS action, brought by the plaintiff in error as plain-

tiff in the district court of Larimer County, Colorado, against F. Gretchen Clemens and others as defendants, to determine the rights of the several parties in a parcel of real property located in Fort Collins, Colorado, is closely related to *Michels v. Clemens,* No. 18,360, this day decided, and our opinion in that case is determinative of the issues here.

The following additional facts, identifying the several defendants and their relationship to the subject matter, may be stated: The sister, Vera M. Lee, died on March 5, 1956. Prior to her death she had executed a joint tenancy deed conveying the property involved to herself and defendant F. Gretchen Clemens. On July 27, 1956, Clemens conveyed the property by warranty deed to defendants Bennett, who in turn executed a first mortgage to defendant Fort Collins Federal Savings and Loan Association and a second deed of trust to the Public Trustee for the use of F. Gretchen Clemens.

The facts in issue are identical with case No. 18,360.

Following dismissal of the action then pending in the county court between plaintiff and Clemens, orders previously entered abating the action were vacated and motions for summary judgment renewed, such motions being supplemented and supported by a transcript of the county court proceeding in both the probate and civil action in that court. The motions for summary judgment were granted by the court without findings or comment, though obviously based upon the claim that the county court judgment was res judicata of the plaintiff's action in the district court.

The probate proceedings in the county court affecting plaintiff's interest in the property involved being, as we have held in No. 18,360, void, and the judgment entered by the county court in reliance thereon erroneous, the judgment here must be reversed and the cause remanded with directions to the court to vacate the summary judgment dismissing the action, and to proceed to trial on the

merits, permitting the parties to amend their pleadings as they may be advised.